# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| OMAR RIVERO, ET AL. | § | |
| | § | |
| v. | § | SA-08-CV-591-XR |
| | § | |
| SUNBEAM PRODUCTS, INC. | § | |

## ORDER

On this day came on to be considered Defendant's Motion to Exclude and Strike Certain Opinions of Rex B. McLellan (docket no. 63).

### Background

Plaintiffs[1] allege that on December 7, 2007, a space heater manufactured by the Defendant failed and caused a fire at the home of David Medrano. Mr. Medrano's mother (Maricela Dominguez Palacios) was killed. Plaintiffs bring suit alleging strict liability and negligence under Texas law. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

### Motion to Exclude and Strike Certain Opinions of McLellan

Dr. McLellan is a metallurgical engineer and professor of Materials

---

[1] Omar Rivero is the Administrator of the Estate of Maricela Dominguez Palacios. David Medrano brings suit as the surviving child of Ms. Dominguez Palacios. He claims damages under the Texas Wrongful Death statute and as a bystander to his mother's injuries. Ana Guadalupe Alvarado brings suit as the surviving child of Ms. Dominguez Palacios. She claims damages under the Texas Wrongful Death statute and as a bystander to her mother's injuries.

Science at Rice University. He was retained by the Plaintiffs to study the metallurgical aspects of the fire debris. He inspected the space heater and made the following conclusions in his May 1, 2009 written report:

> ... it may be stated that in the evidence items reviewed, except for the fuse (EV 20), electrical anomalies were found in the power cord segment (labeled 7-34) in proximity to the interface of its respective termination at the bottom of the slide switch. The ends of the power cord segments 27A (see IMG 2561) suggest that these termini were created by arcing through char....

On November 12, 2009, Dr. McLellan was deposed by the defendant's counsel. In response to various questions, Defendant became concerned about the scope of Dr. McLellan's expert testimony. As a result, Defendant has filed this instant motion. In that motion, Defendant argues the following: (1) Dr. McLellan failed to conduct tests to determine that the slide switch was defective and malfunctioned; (2) Dr. McLellan failed to support his opinion that the slide switch was defective and malfunctioned with peer reviewed research or studies; (3) Dr. McLellan is not qualified to render an opinion that the slide switch caused the fire; (4) Dr. McLellan is not qualified to render an opinion regarding the fire's point of origin; and (5) Dr. McLellan is not qualified to render an opinion that the wires he designated C and D were in close proximity to the instigating high temperature phenomenon that caused the fire.

Plaintiffs respond that Dr. McLellan merely answered deposition questions that were posed to him by Defendant's counsel. Plaintiffs state that Dr. McLellan will NOT offer any expert opinion that (1) the slide switch in the space heater was defective and malfunctioned; (2) the malfunction and defect of the

slide switch caused the fire to initiate; and (3) the point of origin for the fire was the slide switch.

Plaintiffs state that another expert, Judd Clayton, will render the opinion that "the wires designated as C and D were in close proximity to the instigating high temperature phenomena that caused the fire." Plaintiffs, however, argue that Dr. McLellan should be able to render an opinion that there was "heat damage present at the end of the wires C and D" and "wires C and D show more heat damage at the switch end, which was caused by invasive thermal heating."

In his written report Dr. McLellan stated that the "ends of C and D show the characteristics of invasive thermal heating.... The most heat affected ends are at the slide switch location...." There does not appear to be any challenge by the Defendant to prohibit Dr. McLellan from testifying as to his visual observations of the debris as stated above.

Defendant does challenge any opinion testimony from Dr. McLellan that any visual heat damage he saw was "caused by invasive thermal heating." Defendant argues that this opinion is "indistinguishable" from rendering an opinion regarding fire causation. Defendant argues that this opinion is merely a restatement of his earlier deposition testimony that "wires C and D were in close proximity to the instigating high temperature phenomenon that caused the fire." The Court agrees with Defendant. As stated above, Plaintiffs have already stipulated that Dr. McLellan will not render any expert opinion on the cause or point of origin of the fire. That portion of Dr. McLellan's report is stricken.

3

## Conclusion

Defendant's Motion to Exclude and Strike Certain Opinions of Rex B. McLellan (docket no. 63) is granted in part and denied in part as stated above.

SIGNED this 19th day of February, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE