IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OMAR RIVERO, As Administrator of the Estate of MARICELA DOMINGUEZ PALACIOS, DAVID MEDRANO and ANA GUADALUPE ALVARADO, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-08-CV-591-XR |
| SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, | § § § § | |
| *Defendant*. | § § | |

**ORDER ON MOTION FOR LEAVE**

On this day, the Court considered Defendant's motion for leave to file a motion for summary judgment beyond the deadline for filing dispositive motions (Docket Entry No. 87). Having considered Defendant's motion, Plaintiffs' response, and reviewing Defendant's attachment, the motion is DENIED.

**Background**

Plaintiffs Omar Rivero, Administrator of the Estate of Maricela Dominguez Palacios; David Medrano; and Ana Guadalupe Alvarado allege that on December 27, 2007, a space heater manufactured by Defendant Sunbeam Products, d/b/a Jarden Consumer Solutions, caused a fire at the home of David Medrano.  Medrano's mother, Maricela Dominguez Palacios, was killed as a result of the fire.  Plaintiffs filed suit, alleging strict liability and negligence under Texas law.[1]

**Procedural History**

On December 22, 2009, this Court entered a text order on the docket that granted the parties'

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the statutory minimum.

joint motion for the Court to extend scheduling order deadlines.[2] The order set a deadline of March 15, 2010, for the parties to file all dispositive motions. On April 14, 2010, Defendant filed a motion for leave to file a motion for summary judgment beyond the scheduling order deadline[3] and Plaintiff has responded in opposition.[4]

## Legal Standard

Rule 56 of the Federal Rules of Civil Procedure states that "a party may move for summary judgment at any time until 30 days after the close of all discovery" "unless a different time is set by local rule or the court orders otherwise."[5] FED. R. CIV. P. 56(c)(1). Rule 6 states that the Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Relevant factors used to determine "excusable neglect" include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

---

[2] *See* Text Order, Dec. 22, 2009 (granting Joint Mot. to Extend Scheduling Order Deadlines & Continue Trial, Dec. 22, 2009 (Docket Entry No. 68)).

[3] Def.'s Mot. for Leave to File its Mot. for Summ. J., Apr. 14, 2010 (Docket Entry No. 87).

[4] Pl.s' Resp. to Def.'s Mot. for Leave to File its Mot. for Summ. J., Apr. 26, 2010 (Docket Entry No. 90).

[5] Rule 16 authorizes the Court to issue a scheduling order that limits the time for the parties to file motions. FED. R. CIV. P. 16(b). Modification of a scheduling order requires a showing of good cause and the presiding judge's consent. *Id.* R. 16(b)(4).

**Analysis**

In this case, the deadline for filing dispositive motions was March 15, 2010, and Defendant sought leave to file its motion for summary judgment on April 14, 2010; thirty days beyond the deadline. Defendant argues that on January 11, 2010, Plaintiffs' expert testified about a January 3, 2008, inspection of the subject space heater and associated wiring. Defendant's expert reviewed the Plaintiffs' expert's testimony in preparation for a deposition on March 23, 2010.[6] Sunbeam argues that Plaintiffs' own photographs of the fire scene preclude Plaintiffs' theory of the fire and now seek to move for summary judgment on that point. Sunbeam presents a conclusory statement that good cause exists to allow Sunbeam to file its proposed motion for summary judgment.

Plaintiffs correctly point out that Sunbeam had the information that serves as the basis for its expert's affidavit months before seeking leave to file the summary judgment motion and before the March 15, 2010, deadline for dispositive motions. Moreover, Plaintiffs contend that Defendant's proposed motion for summary judgment is based on an issue of fact that is in dispute.

Sunbeam fails to establish that its inability to adhere to the Court's scheduling order deadline constitutes excusable neglect. "When a district court sets its calendar, the court 'must consider not only the facts of the particular case, but also all of the demands on counsel's time and the court's [time].'" *Versai Mgt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (citation and internal quotation marks omitted)). The Court issued a scheduling order so that the parties may have

---

[6]The scheduling order established a March 1, 2010, deadline for discovery. The parties appear to have agreed to continue discovery beyond the deadline. In its Scheduling Order of October 15, 2008, the Court stated: "Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery." Scheduling Order ¶ 7 at 2, Oct. 15, 2008 (Docket Entry No. 14).

adequate time to conduct discovery, prepare dispositive motions, and prepare for trial. Defendant's actions would prejudice Plaintiffs since it would impact their preparation for trial in reliance on the scheduling order deadlines. The Court also sets deadlines so that it may manage its docket, provide the parties with sufficient time to respond and reply to dispositive motions, allow the Court to fully consider the merits of the parties' arguments, and issue an order prior to trial. Consideration of Sunbeam's proposed dispositive motion a month beyond the deadline would impact the schedule of the Court.

The circumstances leading up to Sunbeam's delay were all within its control. Defendant admits that it had the information from Plaintiffs upon which Sunbeam bases its proposed summary judgment motion two months before the dispositive motion deadline. Sunbeam was aware that no trial setting would be vacated because of information obtained in post-deadline discovery, including information obtained from its own expert. Sunbeam was also aware as of March 23, 2010, that its own expert's opinion could serve as the basis for a motion for summary judgment, yet it waited until April 14, 2010, to seek leave from the Court to file a dispositive motion beyond the deadline.

Sunbeam does not argue whether its actions are in good faith. The Court has no sufficient information to render a finding on Sunbeam's good faith, but given that the other factors weigh against a finding of excusable neglect, the Court renders no opinion regarding this factor.[7]

---

[7]Defendant cannot establish good cause to modify the scheduling order. *See* FED. R. CIV. P. 16(b). The Court considers four factors to determine whether good cause exists: (1) the explanation for the failure to meet the deadline; (2) the importance of the item in question; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (using factors to uphold district court's denial of party's request to supplement an expert report beyond the deadline set in the district court's scheduling order). The information was available to the Defendant but its expert did not evaluate the information within a time sufficient to meet the deadline for filing dispositive motions. Sunbeam does not explain why it sought leave weeks after the deposition of its own expert. Although the issue could prove important to Sunbeam's defense, it is not precluded from raising its expert's analysis at trial and then making the

## Conclusion

Having failed to establish excusable neglect, Defendant's motion for leave is DENIED.

It is so ORDERED.

SIGNED this 29th day of April, 2010.

                XAVIER RODRIGUEZ
                UNITED STATES DISTRICT JUDGE

---

appropriate timely motions. Plaintiff is prejudiced by the late filing and has likely expended resources in preparation for trial; prejudice that a continuance would not cure.